17,988-09

Mr. Carl E. Hunt/ TDCJ# 832307
2661 FM 2054- H.H. Coffield Unit
Tennessee Colony, Texas 75884
(For Teleconference Appt., call (903) 928-2211)

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 1 ? 2015

Abel Acosta, Clerk

DATE POSTED: 3-6-15

RE: Enclosed five (5)-paged "WRITTEN OBJECTIONS" to 02/12/15
RECOMMENDATION FOR DISMISSAL by Judge Don Adams, Cr.Dist. Ct.
No. 2 of Dallas County, Texas/ Writ-Cause No. W87-87937-I(B).

TO WHOM IT MAY CONCERN:

please find enclosed my "WRITTEN OBJECTIONS" to the Trial Court Judge's RECOMMENDATION TO DISMISS my writ of habeas corpus wherein I am seeking official interventions to reveal a miscarriage of Justice that has harmed me in multifarious fashions for the past 27 years. Specifically, in 1987, Judge Larry W. Baraka, fabricated false evidence and conspired to deceive the Justices of the Texas Fifth Court of Appeals to illegally dismiss my direct appeal without my effective permission, consent, knowledge, or authorization.

In 2014, Dallas County District Clerk Gary Fitzsimmons, unwittingly disclosed incriminating documentary evidences which proved that Judge Larry W. Baraka orchestrated an elaborate scheme to use an attorney friend (Tina Hollingsworth) to act as his "cut-out appeal attorney" to pretend she represented me on direct appeal to an infirm conviction and 5 year sentence for a 1987 marijuana charge. Tina Hollingsworth lied to the Fifth Court of Appeals Justices by stating I directed her to have my appeal dismissed, allegedly over the phone in January 1988 from the T.D.C. Central Unit. I was in fact hidden away in the Dallas County Jail from November 1987 through July 1988.

This fabrication and elaborate scheme has caused me to receive two illegal 99 year sentences (due to an enhancement of the 1987 case) and to lose my Disability Veteran's benefits, as well as keeping me illegally confined for several decades. "Newly Discovered Evidence" attached when Clerk Gary Fitzsimmons disclosed the incriminating evidences for $101.00 in 2014. Please place this in your files which lists my previous correspondences. Thank you very much for your time, attention, and efforts to help me win justice.

Respectfully yours,

/s/ Carl E Hunt 3-6-15
MR. CARL E. HUNT, Applicant
TDCJ H.H. Coffield Prison Unit-Texas

(CC: Interested parties)

IN THE TEXAS COURT OF CRIMINAL APPEALS AT AUSTIN, TEXAS

AND IN THE

CRIMINAL DISTRICT COURT NO. 2, OF DALLAS COUNTY, TEXAS

WRIT/ CAUSE NO. W87-87937-I(B)

EX PARTE

CARL E. HUNT,
  (Applicant, Pro-se)

## APPLICANT'S WRITTEN OBJECTIONS TO THE TRIAL COURT'S FEBRUARY 12th, 2015 ARBITRARY AND VAGUE FINDINGS

COMES NOW, APPLICANT CARL E. HUNT submits these following WRITTEN OJBECTIONS to the Findings of Criminal District Court No. 2 Judge Don Adams, based upon the arbitrary and vague allegations of the "laches doctrine." Such vague findings are tyrannical and not based upon the actual facts and evidence thus far presented in this State Writ Of Habeas Corpus that was filed pursuant to Texas Code of Criminal Procedures Article ¶11.07 et seq seeking relief from a harmful, VOID 1987-1988 Judgment, Conviction, and illegally abridged Appeal Review perpetrated by the Trial Court Judge (e.g., Judge Larry W. Baraka presiding in 1987-1988 in Crim. Dist. Court No. 2 Dallas). Applicant will show these Courts the following facts and grounds:

I.

## "NEWLY DISCOVERED EVIDENCE" EXCUSES THE LACHES DOCTRINE

Contrary to the Dallas County District Attorney and Judge Don Adams contentions that the Applicant failed to file his claims for over 26 years (see attached 2-paged 02/12/2015 RECOMMENDATION TO DISMISS ORDER issued by Judge Adams), the evidence and facts bears

PAGE ONE

out this baseless assertion of the "laches doctrine." Applicant will demonstrate with irrefutable evidence, witnesses, and authentic trial and appellate records that he only recently acquired proof from the Dallas County District Clerk (Hon. Gary Fitzsimmons), when $101.00 was paid for a copy of the trial records in Cause No. F87-87937, to establish that Judge Larry W. Baraka fabricated false appeal records to deceive the Fifth Court of Appeals Justices. Such deception did in fact succeed in getting the Applicant's direct appeal DISMISSED by the Fifth Court of Appeals of Dallas, Texas, by falsely alleging the Applicant had WAIVED his right to appeal. No written waiver, no court documents or transcripts, and no other form of proof existed to substantiate this false waiver that Judge Baraka orchestrated. District Clerk Gary Fitzsimmons unknowingly surrendered the relevant falsified records in mid 2014 when Applicant prepaid for the transcripts of the 1987 trial records. Thus, Applicant's proof is based upon "Newly Discovered Documentary Evidences" which confirms Judge Baraka paid an unknown attorney (Tina Hollingsworth) $900.00 to act as a "cut-out appeal attorney" and to create a paper trail that succeeded in simulating a real appeal process. Applicant was not a part of this elaborate scheme and did not discover such until 2014.

## II.

### APPLICANT'S RIGHTS OF APPEAL AND HABEAS CORPUS WERE ABRIDGED DELIBERATELY BY THE TRIAL COURT-AND INADVERTENTLY BY THE FIFTH COURT OF APPEALS OF DALLAS, TEXAS

Applicant, a 60 year old Black American and U.S. Army Veteran, has been harmed beyond any possible evaluation of a "harm analysis" by the state governmental entities who mishandled his 1987 cases.

PAGE TWO

Only through the forum of an in-camera Evidentiary Hearing, wherein court-appointed counsel and court-appointed investigators participate in accordance with the United States Supreme Court's holding under Martinez v. Ryan, 132 S.Ct. 1309 (2012) ["an applicant has a constitutional right to effective assistance of counsel on what amounts to his only chance to file a state habeas corpus petition based on evidence that was not in the trial record."], will justice be served.

Applicant Carl E. Hunt has been consistently oppressed, imprisoned, and denied the proof needed to establish that Judge Larry W. Baraka committed "aggravated perjury" when he devised a scheme to have Tina Hollingsworth pretend to be the Applicant's appeal attorney, when in fact the Applicant never made her acquintance, never spoke to her, and never received any appellate brief filed on his behalf. Proof now exists that no STATEMENT-OF-FACTS were ever transcribed for use to evaluate and draft a valid appeal brief, because Judge Baraka and Tina Holligsworth never intended to utilize a Statement-of-Facts. Common sense and logic dictates that no type of appeal existed for the Fifth Court of Appeals Justice's purviews or determinations.

Even the Applicant's Cass County, Texas, attorney at the 1990 jury trial (enhanced with the VOID 1987 conviction) attempted to find out why the Applicant's 1987-1988 Appeal was unreasonably dismissed? Such efforts were alluded to in the 1990 trial and appellate records. Only by virtue of District Clerk Gary Fitzsimmom's unintended/accidental/mistaken DISCLOSURE OF THE FALSIFIED RECORDS in 2014 did the true facts finally surface. The truth came to light.

The United States Department Justice is currently investigating these matters under U.S.D.O.J. File NO. 2965656 . Applicant supplied copies of his writ and documents in October 2014 to them.

## III.

## OBJECTIONS TO GOVERMENTAL DENIALS OF JUSTICE

Applicant Carl E. Hunt hereby objects to the fact that the Texas government of Dallas County, Texas (Judge Don Adams, former District Attorney Craig Watkins, former Judge Larry W. Baraka (now in private practice in Denton, Texas), and numerous other unnamed trial court officials are complicit in illegally suppressing the Applicant in his plight to reveal the injustices he has suffered for 27 years. Clear and convincing evidence [in the form of the 12 Supporting EXHIBITS attached to his Art. 11.07 et seq Writ of Habeas Corpus, plus more that are in the Applicant's possession] is presented which now warrants an Evidentiary Hearing. Blacks in the United States have been shamefully oppressed and stereotyped by the criminal justice systems, and there is no estimating how many other defendants were abused by Judge Larry W. Baraka while he acted as the Presiding Judge of the Criminal District Court No. 2 of Dallas County, Texas.

## IV.

## PRAYER

Applicant Carl E. Hunt shall continuously pray the the Texas Court of Criminal Appeals intercedes to remand this case back to the trial court for further proceedings consistent to due process and to equal protections of the law, based upon the standards of evidence. Judge Don Adams is remiss in attempting to persuade the Court to act upon an inapplicable theory such as the "laches doctrine" to DISMISS this meritorious case which involves "NEWLY DISCOVERED EVIDENCE."

SO MOVED AND PRAYED FOR AND OBJECTED TO on this 6th DAY OF march, 2015 A.D.

Respectfully submitted to all parties:

Carl E. Hunt   3-6-15
APPLICANT CARL E. HUNT, Pro-se

PAGE FOUR

The Reason For My Delay IN Filling My 11.07 Is Because I Tried To get My 1987 Trial Records IN Nov, 1987 then I Made other Attempts, I Made An Attempt IN 1998, I Recieved parts of the Records IN 1998. I Made other Attempts, I Made an Attempt IN 2014, I Recieved More Records Than I Recieved 1998, Except The Statement of Facts I Needed All of the Records IN order to File My 11.07 Habeas Corpus.

Then I Filed My Habeas Corpus IN 2014. I Also Filed ONe IN 1987 Without the Records, I Needed the Records IN order To prove My case. I Made Attempts To Resolve This Matter, I'm Not An Attorney I dont Know All of the Laws I Could Not Afford An Attorney so I had To go Pro Se. The Proof Is iN the 2014-1107 Habeas Corpus

Respectfully Submitted

Mr. CARL E. HUNT # 832307

Carl E. Hunt

STATE OF TEXAS                    §     AFFIDAVIT/ UNSWORN DECLARATION

COUNTY OF ANDERSON                §

    I, CARL E. HUNT, am the Declarant-Applicant in these habeas corpus proceedings being conducted by the Texas Court of Criminal Appeals at Austin, Texas. I hereby verify, under penalty of perjury (a 3rd degree felony enhanceable crime in Texas) that all the facts and matters set forth in the proceeding four (4) paged written instrument entitled as:

"APPLICANT'S WRITTEN OBJECTIONS TO THE TRIAL COURT'S FEBRUARY 12th, 2015 ARBITRARY AND VAGUE FINDINGS"

are true and correct to the best of my knowledge and beliefs. This unsworn declaration/affidavit is authorized in the place of a NOTARY PUBLIC'S STAMP pursuant to Title 6, TX. CIV.Practice & Remedies Code, Chapter 132, Sec. §132 et seq; and, Title 28 U.S.C. 1746.


/s/ _Carl E. Hunt_____          /s/ _CARL E. HUNT_____
    (Signature of Applicant)              (Printed Name of Applicant)



Executed on this the _____Day Of_____, 2015.


/s/ _____        /s/ _____
    (Signature of Witness)                (Printed Name of Witness)

------------------------------------------------------------------

## CERTICATE OF SERVICE

    I, CARL E. HUNT, TDCJ# 832307, confined at 2661 FM 2054, Tennessee Colony, Texas, 75884, at the TDCJ-CID H.H. Coffield Prison Unit, do hereby certify that copies of the foregoing written OBJECTIONS (4-pages) has been posted -via- U.S. Mail Depository, postage prepaid First-Class Mail fees, to the following:

1). Honorable Abel Acosta, Clerk, Tx.Ct.Crim.App., Austin, Texas;

2). Honorable Gary Fitzsimmons, Dallas County District Clerk's Office;

3). United States Attorney General's Office, Washington D.C.;

4). United States Veterans Administration, Washington, D.C.;

5). Prison Justice League, Austin, Texas; and,

6). Judge Don Adams, Crim.Dist.Ct.#2, Dallas, Texas.

on this the ___6___ day of_Mrch_____, 2015.


/s/ _Carl E. Hunt    3-6-15_____
    MR. CARL E. HUNT, Applicant, Pro-se


PAGE 5.

CAUSE NO. W87-87937-I(B)

EX PARTE § IN THE CRIMNAL

§ DISTRICT COURT NO. 2

CARL E. HUNT, §

Applicant DALLAS COUNTY, TEXAS

§

## ORDER FINDING NO CONTROVERTED, PREVIOUSLY UNRESOLVED FACTUAL ISSUES REQUIRING A HEARING

Having considered the applicant's Application for Writ of Habeas Corpus and the State's Response and Supplemental Response thereto, as well as the Applicant's objections, the Court finds that there are no controverted, previously unresolved facts material to the legality of the Applicant's confinement which require an evidentiary hearing.

The Court finds that Applicant received a sentence of five years confinement in this case on November 19, 1987. This case was used as a prior felony conviction in an indictment for unlawful possession of a firearm by a felon Cass County in 1997. Applicant received a sentence of 99 years confinement on the possession of a firearm by a felon case in 1998.

The Court finds that Applicant's claims are barred by the doctrine of laches. Applicant has waited over twenty-six years to assert the claims alleged in his application. He has waited 17 years since the conviction was alleged in the Cass County indictment. Applicant has failed to present any justification for the delay in raising his claims.

The Court therefore recommends that the Application for Writ of Habeas Corpus be dismissed.

The Clerk of the Court is ORDERED to transmit a copy of this order, the application, the State's responses, Applicant's objections, and any other documents in this case to the Court of Criminal Appeals in Austin, Texas.

It is further **Ordered** that the Clerk of this Court send a copy of this order to the applicant, Carl E. Hunt, TDCJ #00832307, Coffield Unit, 2661 FM 2054, Tennessee Colony, TX 75884 and to counsel for the State, Rebecca D. Ott.

SIGNED this ____ day of February, 2015.



DON ADAMS, JUDGE
CRIMINAL DISTRICT COURT NO. 2
DALLAS COUNTY, TEXAS

**FELICIA PITRE**
**DISTRICT CLERK**
**Frank Crowley Courts Building**
**133 N. Riverfront Blvd. LB 12**
**Dallas, Texas 75207-4300**

FIRST CLASS

UNITED STATES POSTAGE
PITNEY BOWES
$ 00.48⁰
02-1R
0002010651   FEB 18 2015
MAILED FROM ZIP CODE 75202

Carl Hunt, #00832307
Coffield Unit
2661 FM 2054
Tennessee Colony, TX   75884